†SAMUEL F. HERRINGTON ET AL. v. LEROY S. WOOD.

1. CONVEYANCES FOR A TERM AND SO LONG AS PRODUCTION PAYS ARE LICENSES.

What are denominated gas or oil leases containing a clause conveying premises for a term of years and so long as gas or oil are produced in paying quantities, are not strictly leases, but are licenses, coupled with a conditional grant.

2. NOMINAL CONSIDERATION IS SUFFICIENT.

A consideration of one dollar and the fact of expenditure by the licensee on the faith of the contract is sufficient to support it.

3. PROVISION FOR LENGTH OF TERM NOT ARBITRARY.

That the term, "and so long as gas or oil are produced in paying quantities," has no legal or fixed meaning, but depends upon the intention of the parties as ascertained from the facts and circumstances surrounding each case.

4. LICENSE NOT FORFEITED FOR NON-PAYMENT OF TAXES,

A license to use land for oil wells the lessee to pay the taxes is not forfeited for their non-payment if there is no clause of forfeiture, but the remedy is at law only.

On appeal from the Court of Common Pleas of Hancock county.

SENEY, J.

The petition alleges in substance the following facts:

That on July 12, 1888, one George J. Kelley entered into a contract in writing with one William C. Needles, whereby Kelley demised and leased unto Needles, his heirs and assigns, certain premises for the purpose and with the exclusive right of drilling for oil or gas.

By the terms of the contract Needles or his assigns were to have said premises for the term of one year from the date thereof, and so long as gas or oil were produced in paying quantities.

Said Needles and his assigns were granted the further privilege to lay pipes to convey gas or oil from said premises.

That Needles and others took possession of said premises and drilled a gas well upon said premises.

---

†This case was cited by the circuit court in Bank v. McConica, 4 Ohio Circ. Dec. 107, also in Jones v. Wood, 2 Ohio Dec., 75, 84.

That said well produced gas in paying quantities, and said gas was conveyed from said well to houses in said village of Rawson by pipes laid by Needles.

That there was expended on said well and laying pipes the sum of over fifteen hundred dollars.

That about November 1, 1889, Needles sold and transferred to plaintiffs all his interest in said contract, together with the gas well, pipes and fixtures.

That since July 12, 1888, said premises have remained in the possession of Needles or his assigns.

That the defendant Leroy S. Wood has served written notice on plaintiffs, claiming to be the owner of said premises, and notifying them to remove the gas pipes from said premises, and in case they refuse that he would remove them.

Plaintiffs therefore pray for an order restraining said defendant from in any way interfering with said plaintiffs in the use and enjoyment of said premises.

The defendant answers:

First defense—He denies the assignment of said contract, and denies the possession of Needles or his assigns.

He denies that said well produces gas in paying quantities.

He denies that the copy of the contract attached to the petition is a true copy.

Second defense—That among the terms and conditions of said contract, Needles was bound and obligated to pay the taxes upon said property as long as he used and occupied the same.

That Needles or his assigns have not paid any of the taxes.

That said lease is void for uncertainty.

Third defense—That about 150 of the citizens of Rawson subscribed in small sums aggregating about twelve hundred dollars for the purpose of paying the cost and expense of drilling said well, and made Needles the custodian and treasurer of said fund. Among the subscribers were Needles, Kelley and the defendant; that Kelley being the owner of the premises, consented to permit said well to be driven, but without any consideration therefor, signed and delivered said lease to Needles.

That Needles holds said right or license, not personally, but as trustee in trust for the benefit and use of said subscribers.

That Kelley, for a valuable consideration, sold and conveyed said premises to defendant.

That the plaintiffs, without the consent of the subscribers, have converted said well, pipes, etc., to their own use.

That during the first year after the drilling of said well, the residence of the defendant and the said Kelley was connected with said well and supplied with gas therefrom, but that plaintiffs wrongfully shut off said gas, and refused to supply them.

Defendant prays that he may be quieted in his title to said premises.

The plaintiffs reply, that they deny that defendant has any right, title, or interest in said premises.

That the taxes are assessed against the entire premises, but that they have offered to pay their proportionate share of said taxes.

These are in substance the allegations contained in the pleadings.

In law, and applicable to a trial in this cause, what are the legal effects of these averments?

*First*—As to the averments contained in the second defense.

As to the taxes. There is no provision in the contract that the same shall be forfeited or become null and void for the non-payment of taxes, hence, the remedy for this breach can only be enforced in an action at law, and it is not a defense to the relief prayed for in the petition.

As to the averment contained in the second defense "that the lease is void for uncertainty." It is not the pleading of a fact, but is pleading the law, and this arises upon the construction of the contract solely as a question of law.

*Second*—As to the averments contained in the third defense:

They are simply: "That the contract is held by Needles in trust." The contract pleaded in the petition is in writing, absolute in its terms, and is made with Needles or his assignees. And in the absence of its reformation, it speaks for itself. And he or his assignees are the persons that can enforce his or their rights under it. In the position of the owner of the premises, the defendant has no interest; it is none of his concern. Whether in fact Needles is a trustee, that question is between him and the persons interested in the trust. And in addition to all this, the defendant notified plaintiffs of his intention to interfere with their rights, thus recognizing in them at least some interest in this contract.

The averments of this defense are of no legal effect in this action, and are only of importance as they contain admissions of the defendant.

Then we have remaining the real and only issue offered in the case:

*First*—Was any consideration paid, or is there any consideration to support this contract?

*Second*—Was this contract assigned by Needles to the plaintiffs?

*Third*—Has the contract expired by its terms, accompanied with the fact that gas or oil is not produced from this well in paying quantities?

*Fourth*—Has the defendant any interest in these premises superior to the possession of the plaintiffs, that we have a legal right to interfere with their use and enjoyment of the same?

We find the contract was made upon a sufficient consideration. A dollar was paid Kelley; in addition the expenditure of the money, in furtherance of the purpose, with the knowledge of Kelley, would be sufficient.

We find the contract was assigned by Needles to the plaintiffs.

Is gas produced from this well in paying quantities in the light, purpose and sense used by these contracting parties in their contract?

This term "gas produced in paying quantities" can have no legal and fixed meaning, but must be applied according to the intention of the parties, in view of the particular circumstances surrounding each case; the same circumstances cannot govern in each case, but it depends upon intention governed by the circumstances.

In the case before us, it was a test well, producing gas sufficient to furnish five stoves, one grate, three jets, and two street lights.

All the parties to the contract, including the grantor Kelley, considered the gas produced of sufficient importance as to its paying quantity, that after the quantity produced was fully ascertained they caused a pipe line to be laid, causing an expenditure of money, to accomplish the purpose and for the use for which the well was drilled. The grantor Kelley and the defendant Wood stood by and permitted the pipe line to be laid, the expenditure of money to be made, the gas to be utilized, in fact conveyed to their own residence, with no other right in the plaintiffs or their assignor than that derived under this contract, viz: "That gas was found in paying quantities;" otherwise the pipe line would not have been laid, or the expense incurred, for the laying of the pipe was subsequent to the time that the amount of gas was ascertained, and the same supply continued from the start to the day of the trial. In addition to this the undisputed evidence established the fact that the receipts of money from the gas produced from the well, pay at least eight per cent. on the total expenditure. So we hold that this well is producing gas in paying quantities.

There was no evidence offered that defendant has any right, title or interest in these premises; hence we have no legal right to interfere with the possessory right at least of the plaintiffs.

As to the question of law involving the construction of this contract as to the character and nature of it in a legal sense, we hold that it is not strictly a lease, but a license coupled with a conditional grant, conveying the grantor's interest in the gas well, conditioned that gas or oil is found in paying quantities.

The injunction will be made perpetual as prayed for in the petition. The cross-petition of defendant will be dismissed; defendant will pay all costs. Execution awarded, and cause remanded for execution.

Beer and Moore, JJ., concur.

Geo. H. Phelps, for plaintiffs.

T. A. & E. V. Bope, for defendant.